Vanessa R. Waldref
United States Attorney
Eastern District of Washington
John T. Drake
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL OKERT and SHAINA OKERT, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 1:23-CV-03037-MKD<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

## I.   INTRODUCTION

Plaintiff was an inexperienced, unlicensed motorcycle rider who drove a "city bike" on a rough, remote mountain pass. He did so despite his own misgivings about his riding abilities. Plaintiff's accident, while highly unfortunate, is precisely the type of accident for which RCW 4.24.210 grants landowners immunity from liability.

Because Plaintiff has not established that the pothole at issue was "dangerous," "artificial," and "latent," the case must be dismissed.

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 1

## II.   REPLY ARGUMENT

**A. Plaintiff's jurisdictional and procedural arguments are unavailing.**

Plaintiff has not established subject matter jurisdiction simply by pleading a claim under the Federal Tort Claims Act ("FTCA").  Contrary to Plaintiff's assertions, FTCA claims are not "federal question" claims arising under 28 U.S.C. § 1331.  When a plaintiff files an FTCA action, the statute under which the Court exercises Article III jurisdiction is 28 U.S.C. § 1346(b)(1), which is a limited waiver of the United States' sovereign immunity.  *Brownback v. King*, 592 U.S. 209, 217 (2021).  Merely invoking the FTCA does not establish Article III jurisdiction.  *Id.*  The plaintiff must allege, and later prove, all six elements of § 1346(b)(1)'s waiver of sovereign immunity.  *Id.*

Plaintiff is mistaken in arguing that factual challenges to jurisdiction are rarely sustained.  The case on which Plaintiff relies, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), is a run-of-of the-mill federal question case arising under § 1331.  The court's discussion of jurisdictional dismissals being "exceptional" does not apply to FTCA cases arising under § 1346(b)(1).  Jurisdictional dismissals are routinely granted in FTCA cases when, as here, the plaintiff fails to establish that his claim falls within § 1346(b)(1)'s waiver of sovereign immunity.  *Brownback*, 592 U.S. at 217–18.

The Court should reject Plaintiff's invitation to convert this motion into a motion for summary judgment under Rule 56.  Because "[s]overeign immunity is

jurisdictional in nature," a factual challenge to jurisdiction in an FTCA case is properly asserted as a motion to dismiss under Rule 12. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). Plaintiff is not entitled to the procedural protections Rule 56 affords (*i.e.*, the requirement to construe facts and inferences in light most favorable to the plaintiff, the prohibition on resolving disputed questions of fact, and the restriction on weighing witnesses' credibility). ECF No. 27 at 27–29 (citing cases).

The Court should also reject Plaintiff's claim that the jurisdictional and merits issues are too intertwined to warrant dismissal. All Plaintiff offers is a conclusory assertion that the issues go to both jurisdiction and liability. ECF No. 31 at 11–12. That is not sufficient. Plaintiff must show that the jurisdictional and merits issues are so "inextricably intertwined" that resolution of the jurisdictional issues will effectively amount to a decision on the merits of the claim. *Kingman Reef Atoll*, 541 F.3d at 1197. That is not the situation presented here for the reasons Defendant explained in its opening brief. ECF No. 27 at 28–29. Moreover, even if a small degree of overlap exists, the proper course in the context of this FTCA case that will ultimately be tried to the bench is to decide the jurisdictional issues now. ECF No. 27 at 27–29.

**B. Plaintiff has not established that the pothole was a "dangerous" condition.**

The pothole at the heart of this case, while admittedly dangerous to motorcycle riders, is not a "dangerous" condition for purposes of RCW 4.24.210(4)(a) because it

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 3

did not pose an *unreasonable* risk of harm.  As Defendant explained in its opening brief, the distinction between a dangerous condition and an unreasonably dangerous condition is dispositive on the facts presented because the pothole was easily visible and the danger it posed to motorcycle riders was obvious.  ECF No. 27 at 16–18.

Plaintiff did not respond to this argument.  Plaintiff insists that the pothole "was dangerous" and "posed a risk to motorcycle riders."  ECF No. 31 at 17.  But Plaintiff has not explained how the risk posed was *unreasonable* in view of the road's obvious condition, which Plaintiff describes as "bad" and "degraded."  *Id.*

As previously explained, FSR 7320 is directly analogous to the "guttered" road in Illustration 1 to the Restatement (Second) of Torts § 342.  ECF No. 27 at 17.  Both roads are potentially dangerous, but neither is *unreasonably* so.  Like the landowner in Illustration 1, Defendant reasonably expected that Plaintiff would notice the "bad" and "degraded" conditions and drive with sufficient care to avoid potential harm.  Indeed, the testimony of Chip Saylor, on which Plaintiff relies (ECF No. 31 at 18), confirms that that is precisely what Plaintiff did: Plaintiff and the other riders "slowed down" in response to seeing several potholes and "navigat[ed] around them."  ECF No. 32-5 at p. 27, ll. 15–24.[1]  Because Plaintiff has not established this required element of the

---

[1] Plaintiff's claim that the Forest Service made FSR 7320 "safer for drivers like Mr. Okert" after the accident is inadmissible under Federal Rule of Evidence 407.

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 4

exception to immunity, the case must be dismissed. *Schwartz v. King Cnty.*, 200 Wn.2d 231, 239 (2022).

### C. Plaintiff has not established that the pothole was an "artificial" condition.

Plaintiff's argument that the pothole was an "artificial" condition is flawed. *First*, this argument applies the dictionary definition of "artificial." ECF No. 31 at 19–20. Although the Washington Supreme Court applied a dictionary definition in *Ravenscroft v. Washington Water Power Co.*, 136 Wn.2d 911, 922–24 (1998), the Court clarified in a subsequent case that courts must apply the *common law* meaning. *Schwartz*, 200 Wn.2d at 240 n.3. The common law definition is a condition that the landowner "has created or maintains." *Id.*

*Second*, Plaintiff's argument erroneously focuses on the road, rather than the pothole. ECF No. 31 at 20. The term "condition" in RCW 4.24.210(4)(b) refers to "the *specific object or instrumentality that caused the injury*, viewed in relation to other external circumstances in which the instrumentality is situated or operates." *Ravenscroft*, 136 Wn.2d at 921 (emphasis added). The object that caused Plaintiff's injury was the *pothole*, not the road. The pothole is analogous to the injury-causing condition in *Ravenscroft* (a submerged tree stump). *Id.* at 916, 921. The road is analogous to the location in which that condition was situated (a reservoir). Just as the plaintiff in *Ravenscroft* was not injured merely by boating on the reservoir, Plaintiff

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 5

was not injured merely by driving on the road. It was the tree stump and the pothole, respectively, that specifically caused both plaintiffs to be injured. *Id.* at 921.

Plaintiff does not dispute that the pothole resulted from natural erosion of the road surface over time. ECF No. 27 at 18–20. The pothole was not a condition that Defendant "created or maintained," and was therefore not artificial. *Schwartz*, 200 Wn.2d at 240 n. 3. Because Plaintiff has not established this required element of the exception to immunity, the case must be dismissed. *Id.* at 239.

### D. Plaintiff has not established that the pothole was a "latent" condition.

The evidence that the pothole was not latent is overwhelming. That evidence includes: (1) Plaintiff's admission in his interrogatory answers that he saw the pothole before he drove through it; (2) the testimony of Chip Saylor, who saw Plaintiff slow down and successfully drive around several other potholes before the pothole at issue; (3) the fact that all 5–10 riders ahead of Plaintiff in the group managed to see and avoid the pothole; (4) the fact that Plaintiff was warned to be on the lookout for potholes shortly before the accident; (5) the testimony of Anthony Moore, who confirmed that the pothole was "easy for someone riding a motorcycle to see, assuming they were paying attention"; (6) photos of the pothole itself, taken just minutes after the accident; and (7) a dash camera video depicting the road conditions at the scene of the accident. ECF No. 27 at 20–27.

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 6

Plaintiff does not deny that he admitted seeing the pothole in his interrogatory answers. For the reasons previously explained, that admission is fatal to any argument that the pothole was a latent condition. ECF No. 27 at 20–21. The Court can resolve this issue, and indeed the entire motion, based on that admission and Plaintiff's failure to refute its dispositive significance in his response.

That admission aside, Plaintiff has not established that the pothole was latent. In the face of the overwhelming evidence referenced above, all Plaintiff offers is a claim by his sister-in-law, Serenity Oakes, that the pothole was "difficult to see." ECF No. 31 at 19. The Court should reject that claim for three reasons. *First*, Ms. Oakes did not have a clear view of the pothole. Unlike Plaintiff, Ms. Oakes was not driving a motorcycle; she was riding as a *passenger* on the back seat of a motorcycle driven by her husband. ECF No. 31 at 6; Drake Reply Decl., Ex. A (Oakes Dep.) p. 13, ll. 8–18; p. 14, ll. 10–17). Ms. Oakes' claim that the pothole was difficult to see is suspect because her view of the road was obstructed by her husband, whose head and torso were inches from her face. Ms. Oakes' husband was in a much better position to observe the road and the pothole. Plaintiff notably has not submitted testimony from Ms. Oakes' husband opining that the pothole was difficult to see.

*Second*, Ms. Oakes incorrectly described FSR 7320 as a "dirt road" at her deposition. Drake Reply Decl., Ex. A (Oakes Dep.) p. 27, l. 5 – p. 28, l. 5. That incorrect description renders Ms. Oakes' claims about the pothole being difficult to

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 7

see unreliable.  Ms. Oakes' assertion that visibility conditions made the road surface appear "smooth" despite the potholes, in particular (ECF No. 32-4 at p. 42, ll. 17–25), cannot be credited given that Ms. Oakes was mistaken about the composition of the road surface itself.

*Third*, Ms. Oakes is the *only* witness who thought the pothole was difficult to see.  Plaintiff himself saw the pothole as he rounded a corner.  ECF No. 29-1 at 3–4.  Another rider, Anthony Moore, testified that the pothole was easy for an attentive driver to see.  ECF No. 28 at ¶¶ 9–10.  Plaintiff's friend, Chip Saylor, who jokingly described the pothole was "the size of a Volkswagen," was reasonably sure he could have avoided it.  ECF No. 29-9 at p. 27, ll. 1–4; p. 42, ll. 10–12.  Those accounts are fully consistent with the photos taken by Mr. Saylor within minutes of the accident, which show that the pothole was clearly visible.  ECF No. 29-10.  They are also consistent with the fact that at least five riders ahead of Plaintiff saw and avoided the pothole.  ECF No. 29-12 at p. 34, ll. 9–15; p. 40, ll. 2–20; ECF No. 29-11 at p. 30, l. 13 – p. 31, l. 12; p. 39, l. 2 – p. 40, l. 3; ECF No. 29-9 at p. 29, l. 15 – p. 30, l. 6; p. 39, l. 11 – p. 40, l. 7.  In short, Ms. Oakes' testimony does not come close to tipping the balance in favor of a finding that the pothole was latent.

Plaintiff's attempt to analogize this case to *Schwartz* (ECF No. 31 at 19) is not persuasive.  The plaintiff in *Schwartz* offered "unrebutted expert testimony" that the condition at issue (a bollard) was "completely inconspicuous under the weather and

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 8

lighting conditions" that existed at the time he was injured. 200 Wn.2d at 235–36, 244–45. That testimony was based on the experts' scientific analysis of the visual contrast between the bollard and the pavement, and how that contrast changed from minute to minute in different lighting and weather conditions. *Id.*

Plaintiff has not offered anything similar here. Plaintiff's claim that sunlight "alter[ed] the appearance of the road surface" and made it appear "smooth," is based entirely on the unreliable account of Serenity Oakes. ECF No. 31 at 19. In the face of overwhelming evidence that the pothole was visible to someone riding a motorcycle, the absence of expert testimony to the contrary is fatal. Because Plaintiff has not established this required element of the exception to immunity, the case must be dismissed. *Schwartz*, 200 Wn.2d at 239.

**E. Plaintiff's remaining contentions are unpersuasive.**

Plaintiff claims that he was not warned about potholes before the accident. ECF No. 31 at 5–6. This claim is refuted by Anthony Moore, who testified that the Covington Shifters stopped the group one mile before the accident site for the express purpose of warning riders to slow down and be on the lookout for potholes. ECF No. 28 at ¶¶ 5–8. Mr. Moore provided a group photo that was taken while the group was stopped to receive the warning. *Id.* at ¶ 7. Plaintiff is standing directly beside Mr. Moore. *Id.* Mr. Moore's testimony has higher indicia of reliability than the testimony of Plaintiff's family members, Serenity Oakes and Mike Leone, both of whom had to

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 9

be asked more than once if the group was warned about potholes before they answered the question directly. Drake Reply Decl., Ex. A (Oakes Dep.) at p. 13, ll. 8–10; p. 29, l. 12 – p. 30, l. 5; Drake Reply Decl., Ex. B (Leone Dep.) at p. 14, ll. 21–24; p. 33, l. 14 – p. 34, l. 2.

Plaintiff asserts in a declaration of counsel that he needs time to depose Mr. Moore. ECF No. 32 at ¶ 2. That claim is unavailing because Mr. Moore is one of *Plaintiff's* witnesses. *See* Drake Reply Decl., Ex. C (Plaintiff's initial disclosures listing Mr. Moore as a person on whose testimony Plaintiff might rely). Discovery has been open for 11 months. ECF No. 15. Plaintiff has not taken a single deposition. There is no basis for granting Plaintiff additional time to depose Mr. Moore.

Plaintiff's brief includes a lengthy block quote from *Camcia v. Howard S. Wright Const. Co.*, 179 Wn.2d 684 (2014). ECF No. 31 at 14–15. It is not clear what significance Plaintiff assigns to *Camcia*. To the extent Plaintiff meant to suggest that *Camcia* renders RCW 4.24.210 inapplicable to a Forest Service road like FSR 7320, the suggestion is not persuasive. *Camcia* declined to grant immunity under RCW 4.24.210 based on extensive evidence that the road in that case served a *transportation* function as opposed to a recreational one. 179 Wn.2d at 688–90, 697–99. No such evidence exists in this case. Courts routinely grant recreational use immunity in cases involving recreational roads like FSR 7320. *See, e.g.*, *Mattice v. U.S. Dep't of Interior*, 969 F.2d 818, 821–22 (collecting cases).

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 10

Plaintiff also cites an interlocal agreement between the U.S. Forest Service and Chelan County. ECF No. 31 at 2–3; ECF No. 32-1. This agreement does not apply to the section of FSR 7320 on which Plaintiff was injured, which is in *Kittitas County*. ECF No. 29-5 at 1; ECF No. 29-13; ECF No. 27 at App'x A (section of FSR 7320 highlighted in yellow). This section (mile marker 6.116 to 10.1) is maintained by the Forest Service. The interlocal agreement pertaining to the section in Chelan County is irrelevant.

### III.   CONCLUSION

Plaintiff's accident was unfortunate. But the record establishes that it was precisely the type of accident for which landowners that open their land to the public for recreational use without charging a fee are entitled to immunity from liability. The Court should dismiss the case for lack of jurisdiction.

DATED this 16th day of May, 2024.

                                      VANESSA R. WALDREF
                                      United States Attorney

                                      *s/John T. Drake*
                                      John T. Drake
                                      Assistant United States Attorney

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 11

# CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2024, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

| NAME & ADDRESS | Method of Delivery |
|---|---|
| Samuel J. Daheim<br>Hollie M. Connelly<br>CONNELLY LAW OFFICES, PLLC<br>2301 North 30th Street<br>Tacoma, WA 98403<br>SDaheim@connelly-law.com<br>HConnelly@connelly-law.com | ☒CM/ECF System<br>☐Electronic Mail<br>☐U.S. Mail<br>☐Other: _____ |

*s/John T. Drake*
John T. Drake

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 12