FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 28, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL OKERT and SHAINA OKERT, | No. 1:23-CV-03037-MKD |
| Plaintiffs, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| UNITED STATES OF AMERICA, | **ECF No. 27** |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 27. On June 24, 2024, the Court held a motion hearing. ECF No. 36. Hollie Connelly and Samuel Daheim appeared on behalf of Plaintiffs. John Drake appeared on behalf of Defendant.

Defendant moves to dismiss the Complaint, arguing that certain facts preclude the Court from exercising subject matter jurisdiction under the Federal Tort Claims Act (FTCA). ECF No. 27. The Court has reviewed the briefing, heard from counsel, and is fully informed. For the reasons set forth below, the

ORDER - 1

Court denies Defendant's Motion to Dismiss, with leave to renew these arguments

in a motion for summary judgment.

## BACKGROUND

Plaintiff Russell Okert learned of a group motorcycle ride through social

media. ECF No. 29-2 at 21-23. The group planned to depart from Auburn, drive

to Leavenworth for lunch, and then return to Auburn. ECF No. 29-15 at 2. Okert

had purchased a 1999 Honda VF750 motorcycle from a friend two months earlier.

ECF No. 29-2 at 8-9. Okert learned to ride this motorcycle through friends and

family; he was not licensed to drive a motorcycle and had not taken any

motorcycle safety courses or motorcycle-permit tests. *Id.* at 10-12, 14-16, 18-20.

On October 4, 2020, Okert set out on the group ride on his Honda VF750.

ECF No. 29-1 at 4; ECF No. 29-5 at 2. The group took Forest Service Road 7320

("FSR 7320," also known as Old Blewett Highway) during the return portion of

their trip. ECF No. 27 at 33; ECF No. 28 at 2 ¶ 4; ECF No. 29-1 at 4; ECF No. 29-

2 at 31-32; ECF No. 29-5 at 2; ECF No. 29-16 at 3. While on FSR 7320, Okert hit

a pothole and was thrown off the motorcycle. ECF No. 32-4 at 10-14; ECF

No. 32-5 at 5-7.

On March 13, 2023, Plaintiffs filed this action, alleging, pursuant to the

FTCA, state-law tort claims against Defendant United States for negligence and

loss of consortium resulting from Defendant's alleged failure to maintain FSR

ORDER - 2

7320.  ECF No. 1 at 3-4.  Defendant filed the Motion to Dismiss on April 11, 2024.

ECF No. 27.  At that time the motion was filed, the parties had been engaged in

discovery for approximately 300 days.  *See* ECF No. 17 (initial scheduling order

dated June 23, 2023).

**LEGAL STANDARD**

A challenge to a federal court's subject matter jurisdiction may be raised at

any point.  *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3).  Challenges to subject matter

jurisdiction "may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d

1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

2000)).  "In a facial attack, the challenger asserts that the allegations contained in a

complaint are insufficient on their face to invoke federal jurisdiction."  *Id.*  "By

contrast, in a factual attack, the challenger disputes the truth of the allegations that,

by themselves, would otherwise invoke federal jurisdiction."  *Id.*  "[T]he district

court may review evidence beyond the complaint without converting the motion to

dismiss into a motion for summary judgment."  *Id.*  Moreover, the court is not

required to accept the plaintiff's allegations as true.  *Id.* (citing *White*, 227 F.3d at

1242).  Rather, "the plaintiff must support her jurisdictional allegations with

'competent proof,' . . . under the same evidentiary standard that governs in the

summary judgment context."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir.

2014) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)) (other citations

omitted).  "The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* (citing *Harris v. Rand*, 682 F.3d 846, 850-51 (9th Cir. 2012)).

"[I]f the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself" unless "the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." *Id.* at 1121-22, 1122 n.3 (citations omitted).  Such intertwinement exists if the "jurisdictional motion involv[es] factual issues which also go to the merits" of the substantive claims.  *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill Publ'g Co. v. Gen. Tel. Corp.*, 594 F.2d 730, 733-34 (9th Cir. 1979)); *see also Safe Air*, 373 F.3d at 1039 (citing *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 139 (9th Cir. 1983)).  Upon a finding of intertwinement, "a court should employ the standard applicable to a motion for summary judgment because 'resolution of [those] jurisdictional facts is akin to a decision on the merits.'"  *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014) (quoting *Augustine*, 704 F.2d at 1077) (alteration in *Young*).  "[T]he moving party 'should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'"  *Id.* (quoting *Augustine*, 704 F.2d at 1077).

ORDER - 4

**DISCUSSION**

**A. Intertwinement**

Defendant presents a factual challenge to subject matter jurisdiction, contending that this case does not qualify for jurisdiction under the FTCA because Defendant would not be liable for Plaintiffs' claims under Washington's recreational use immunity statute. ECF No. 27 at 1-2. If Plaintiffs' claims do not fall within the FTCA, Defendant argues that the claims are barred by sovereign immunity. *Id.* at 13-14.

The Court must first determine whether the current challenge to subject matter jurisdiction is intertwined with the merits of Plaintiffs' claim. *See Safe Air*, 373 F.3d at 1039-40. If the issues are not intertwined, the Court may resolve factual disputes itself as necessary to determine its subject matter jurisdiction. *See Leite*, 749 F.3d at 1121-22, 1122 n.3. But if the issues are intertwined, the Court may only grant Defendant's motion if the material jurisdictional facts are not in dispute and Defendant is entitled to prevail as a matter of law. *See Young*, 769 F.3d at 1052.

*1. Federal Tort Claims Act*

"An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity." *Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir. 1996) (citing *Valdez v. United States*,

ORDER - 5

56 F.3d 1177, 1179 (9th Cir. 1995)).  "If sovereign immunity has not been waived, the court must dismiss the case for lack of subject matter jurisdiction."  *Esquivel v. United States*, 21 F.4th 565, 572-73 (9th Cir. 2021) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).

The FTCA is a limited waiver of the United States' sovereign immunity. *Blackburn*, 100 F.3d at 1429; *see also Meyer*, 510 U.S. at 477.  FTCA jurisdiction applies to claims meeting the following six elements:

> [1] [brought] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)) (most alterations in *Meyer*). The instant motion concerns a factual challenge to the sixth FTCA element.  ECF No. 27 at 2, 15-16.

### 2. *Washington's Recreational Use Immunity Statute*

Defendant asserts that the sixth FTCA element cannot be satisfied in this case, because where Defendant is entitled to recreational use immunity, it would not be liable to Plaintiffs under Washington law.  ECF No. 27 at 13-14.

ORDER - 6

1    "Recreational use immunity is an affirmative defense, so the landowner

2    bears the burden of proving entitlement to that immunity."  *Schwartz v. King Cnty.*,

3    516 P.3d 360, 364 (Wash. 2022) (citing *Camicia v. Howard S. Wright Const. Co.*,

4    317 P.3d 987, 991 (Wash. 2014)).  Pursuant to RCW 4.24.210(1), a public or

5    private landowner who opens their land to the public "for the purposes of outdoor

6    recreation . . . without charging a fee of any kind therefor, shall not be liable for

7    unintentional injuries to such users."  RCW 4.24.210(4)(a) provides an exception

8    to this immunity: a landowner may still be held liable "for injuries sustained to

9    users by reason of a known dangerous artificial latent condition for which warning

10   signs have not been conspicuously posted."  This means a plaintiff must show the

11   condition is (1) known, (2) dangerous, (3) artificial, and (4) latent to establish that

12   the immunity exception applies to the defendant.  *Schwartz*, 516 P.3d at 364 ("'All

13   four terms (known, dangerous, artificial, latent) modify "condition," not one

14   another,' and so all must be present for the exception to apply.") (quoting *Jewels v.*

15   *City of Bellingham*, 353 P.3d 204, 210 (Wash. 2015), *abrogated on other grounds*

16   *by Schwartz*, 516 P.3d at 366).  Conversely, a landowner only needs to show that

17   the condition lacks one of these four elements to prove that the statutory exception

18   does not apply.  *Id.*

19

20

ORDER - 7

1

*3. Analysis*

2    To determine whether there is subject matter jurisdiction under the FTCA,

3    the Court must determine whether Plaintiffs' claims involve circumstances under

4    which the United States, if a private person, would be liable to Plaintiffs in

5    accordance with Washington law. *See Meyer*, 510 U.S. at 477. To do so, the

6    Court must determine whether Defendant opened FSR 7320 to the public for

7    recreational purposes without charging a fee, pursuant to RCW 4.24.210(1); and if

8    so, whether the pothole Okert struck was a known, dangerous, artificial, and latent

9    condition for which no warning signs were conspicuously posted, pursuant to

10    RCW 4.24.210(4)(a).

11    The parties only dispute the "dangerous," "artificial," and "latent" elements

12    of RCW 4.24.210(4)(a); they do not dispute that Defendant opened FSR 7320 to

13    the public for recreational purposes without charging a fee or that the pothole was

14    a known condition. *See* ECF No. 27 at 15-16; ECF No. 31 at 14-15; ECF No. 33 at

15    1. Therefore, a finding that the pothole was not dangerous, not artificial, or not

16    latent will have two results: (1) Defendant must prevail on the merits of Plaintiffs'

17    substantive tort claim, based on the affirmative defense of recreational use

18    immunity, and (2) the Court must dismiss the case for lack of subject matter

19    jurisdiction under the FTCA. This constitutes intertwinement, as the jurisdictional

20    motion involves factual issues that are also dispositive of the merits of the

ORDER - 8

1    substantive claims.[1]  *See Augustine*, 704 F.2d at 1077; *see also Krohn v. U.S. Dep't*

2    *of the Interior*, No. 18-CV-219, 2018 WL 6332835, at *2-3 (E.D. Wash. Dec. 4,

3    2018) (finding intertwinement where the United States challenged FTCA

4    jurisdiction on the basis of RCW 4.24.210 immunity).

5         Defendant argues that, "[b]ecause the challenge is jurisdictional in nature

6    and implicates the United States' sovereign immunity, the preferred procedure is to

7    resolve it now, before the case proceeds any further."  ECF No. 27 at 28 (citations

8    omitted).  Defendant also argues that "[j]urisdictional dismissals are routinely

9    granted in FTCA cases when, as here, the plaintiff fails to establish that the claim

10   falls within [the FTCA's] waiver of sovereign immunity."  ECF No. 33 at 2

11   (citation omitted).  Defendant's arguments about what is "preferred" or "routinely"

12   done do not appear to comport with the legal standard for assessing

13   intertwinement, as set forth in longstanding Ninth Circuit case law.  *See, e.g., Safe*

14   *Air*, 373 F.3d at 1039-40; *Young*, 769 F.3d at 1052; *Mecinas v. Hobbs*, 30 F.4th

15   890, 896 (9th Cir. 2022).

16

17

18   [1] Defendant contends that a determination that it is entitled to recreational use

19   immunity "will have no bearing on the underlying merits issue" of its liability for

20   negligence.  ECF No. 27 at 28-29.  This contention, without more, is unpersuasive.

ORDER - 9

1    Given the intertwinement of the jurisdictional and substantive issues, the

2    Court may only grant Defendant's motion if the material jurisdictional facts are not

3    in dispute and Defendant is entitled to prevail as a matter of law. *See Young*, 769

4    F.3d at 1052. In other words, the Court must apply the summary judgment

5    standard of Fed. R. Civ. P. 56 and may not resolve disputes of material

6    jurisdictional facts on its own.

7    **B. Summary Judgment Analysis**

8    A district court must grant summary judgment "if the movant shows that

9    there is no genuine dispute as to any material fact and the movant is entitled to

10    judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*,

11    477 U.S. 317, 322-23 (1986); *Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906

12    (9th Cir. 2019). The court "must view the evidence in the light most favorable to

13    the nonmoving party and draw all reasonable inference in the nonmoving party's

14    favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018). "Credibility

15    determinations, the weighing of the evidence, and the drawing of legitimate

16    inferences from the facts are jury functions, not those of a judge . . . ." *Anderson v.*

17    *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

18    The motion to dismiss is denied, with leave to renew as a motion for

19    summary judgment. First, Defendant primarily briefed and argued the matter

20    under the legal standard for a factual challenge to subject matter jurisdiction

1    *without* intertwinement, which allows a court to resolve any factual disputes

2    material to the existence of jurisdiction.  *See, e.g.*, ECF No. 27 at 27-29 (requesting

3    that the Court hold an evidentiary hearing to resolve any disputes of material

4    jurisdictional facts); ECF No. 33 at 9-10 (contending that the testimony of one

5    witness "has higher indicia of reliability than the testimony of Plaintiff[s'] family

6    members").  The Court is disinclined to rule on dispositive issues which the parties

7    have not had a full opportunity to brief under the applicable legal standard.[2]

8         Second, there are apparent disputes of fact that make it inappropriate for the

9    Court to determine whether Defendant is entitled to recreational use immunity as a

10   matter of law.  For example, both parties' arguments that the pothole was or was

11   not latent rely entirely on testimony that certain witnesses did or did not see the

12   pothole Okert struck as they approached it.[3]  *See* ECF No. 31 at 19 (citing

13   _____

14   [2] Similarly, because the motion was not filed as a motion for summary judgment,

15   the Court does not have the benefit of briefing that comports with the procedural

16   requirements for a summary judgment motion.  *See* LCivR 56(c).

17   [3] In determining whether a condition was latent for the purposes of recreational use

18   immunity, "[t]he dispositive question is whether the condition is readily apparent

19   to the general class of recreational users, not whether one user might fail to

20   discover it."  *Ravenscroft v. Wash. Water Power Co.*, 969 P.2d 75, 82 (Wash.

ORDER - 11

1    *Schwartz*, 516 P.3d at 365 and referencing ECF No. 32-3 at 7; ECF No. 32-4 at 7,

2    12, 14-16; ECF No. 32-5 at 8); ECF No. 27 at 20-23 (citing ECF No. 29-1 at 4;

3    ECF No. 29-9 at 8-22).  Defendant acknowledges the conflicting testimony but

4    argues that the Court should resolve these disputes by weighing the evidence and

5    witness credibility.  *See* ECF No. 33 at 6-9.  A court could weigh evidence and

6    assess witness credibility in addressing a factual challenge to subject matter

7    jurisdiction without intertwinement. *See Leite*, 749 F.3d at 1121-22.  But where

8    there is intertwinement, the Court must apply the standard applicable to summary

9    judgment motions, under which the Court may not resolve disputes of fact by

10   weighing the evidence or making credibility determinations.  *See Anderson*, 477

11   U.S. at 255.

12        Finally, Plaintiffs have requested time to complete discovery so that they

13   may further develop the factual basis for their arguments that the pothole was

14   latent, artificial, and dangerous.  ECF No. 31 at 8; *see also* ECF No. 36.  "Before

15   summary judgment may be entered, all parties must be given notice of the motion

16   and an opportunity to respond. . . . The opportunity to respond must include time

17   _____

18   1998) (citing *Chamberlain v. Dep't of Transp.*, 901 P.2d 344, 348 (Wash. Ct. App.

19   1995)).  "What a particular user sees or does not see is immaterial." *Widman v.*

20   *Johnson*, 912 P.2d 1095, 1098 (Wash. Ct. App. 1996) (citation omitted).

ORDER - 12

1  for discovery necessary to develop facts justifying opposition to the motion."

2  *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1532 (9th Cir. 1985) (citing

3  *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645

4  (9th Cir. 1981); Fed. R. Civ. P. 56).  Plaintiffs effectively state that there was

5  insufficient time for discovery necessary to develop facts justifying their

6  opposition by May 2, 2024, the date their response was due.  *See* ECF Nos. 27, 31;

7  LCivR 7(c)(2)(B)(i).  Plaintiffs bear a significant burden in arguing that the

8  exception to recreational use immunity applies here: Plaintiffs must prove all four

9  elements of the exception, while Defendant may prevail by proving a lack of any

10 single element.  *See Schwartz*, 516 P.3d at 364.  By the close of discovery, the

11 parties may have acquired sufficient information to resolve any factual disputes

12 precluding summary judgment.  The Court grants Plaintiffs' request for leave to

13 conduct further discovery, to be completed by the discovery deadline.

14                                **CONCLUSION**

15        For the reasons explained above, the Court denies Defendant's motion, with

16 leave to renew, if appropriate, as a motion for summary judgment.

17        Accordingly, **IT IS HEREBY ORDERED:**

18        1.        Defendant's Motion to Dismiss, **ECF No. 27**, is **DENIED.**

19        2.        In light of this ruling, the Court directs the parties to meet and confer

20 regarding the feasibility of the dates and deadlines in the Second Bench Trial

ORDER - 13

1  Scheduling Order, ECF No. 22. **By no later than September 6, 2024,** the parties

2  shall file a joint status report indicating whether the parties are requesting any

3  adjustments to the current case schedule and, if so, proposing new dates for an

4  amended scheduling order.

5       **IT IS SO ORDERED.**  The District Court Executive is directed to file this

6  Order and provide copies to the parties.

7       DATED August 28, 2024.

8             *s/Mary K. Dimke*
            MARY K. DIMKE

9         UNITED STATES DISTRICT JUDGE

ORDER - 14